Argued November 4, affirmed December 19, 1974

# ASSOCIATES FINANCE SERVICE COMPANY-WESTERN, *Appellant, v.* PAULUS ET UX, *Respondents.*

529 P2d 392

*Floyd Hinton,* of Deich, Deich and Hinton, Portland, argued the cause and filed a brief for appellant.

*William T. Powers,* of Powers, McKenna & Powers, Portland, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

HOWELL, J.

Plaintiff filed this action alleging fraud against defendants Robert and Lorraine Paulus and defendant Ralph BalDucci. The action was tried before the circuit court without a jury, and a judgment was entered in favor of the Pauluses against the plaintiff and in favor of the plaintiff against BalDucci. BalDucci does not appeal from the judgment. Plaintiff appeals from the judgment entered in favor of the Pauluses.

The facts are rather unusual.

Plaintiff, a lending agency, also purchases installment sales contracts from retail dealers. The defendant BalDucci sells musical instruments, including accordions. BalDucci prepared, and the Pauluses signed, an installment sale contract for the sale of an accordion to the Pauluses at a price of $1,500 plus finance charges, to be paid in 36 monthly installments. BalDucci sold the Paulus contract to plaintiff. The payments to plaintiff were not forthcoming on the due dates, and plaintiff contacted the Pauluses. Plaintiff discovered that the Pauluses had not, in fact, purchased an accordion from BalDucci. The Pauluses refused to make the payments, and BalDucci was financially unable to do so. Plaintiff filed this action for fraud against the defendants and seeks to recover the amount it paid BalDucci for the Paulus contract.

The trial court found that plaintiff had failed in its burden of proving by clear and convincing evidence that the Pauluses were guilty of fraud.

Our only function is to determine whether there is substantial evidence to support the findings of the trial court.

Apparently BalDucci first met the Pauluses when

he enrolled their daughter in accordion classes and sold them a beginner's accordion on contract. Later, as the daughter progressed, BalDucci sold them two advanced model accordions, also on contract. Apparently these contracts were sold by BalDucci to other finance companies. There was evidence that Mr. Paulus had not finished high school and that Mrs. Paulus's education ceased at the eighth grade, and it could be inferred that both were not only untutored but naive. However, the evidence also discloses that the Pauluses had a good credit rating.

BalDucci developed marital and financial difficulties. There was evidence that on one or two occasions prior to the transaction in question, BalDucci had the Pauluses execute conditional sales contracts showing the purchase of accordions when, in fact, they had not made such purchases. BalDucci also sold these contracts to finance companies. BalDucci would give the monthly payments to the Pauluses who, in turn, would pay the finance companies. Mr. Paulus testified that BalDucci told him he needed "some money for a loan" and "wanted to know if we could back him up as a signature to get a loan." Mr. Paulus testified:

"A   Well, when he asks me this, he was having financial difficulties and he wanted to know if I would sign the papers so he could get money to get out of this.

"Q   Well, how was your signature going to help?

"A   I don't know unless this was just for a reference for him to borrow money. That's the way I took it.

"Q   You thought that by being a reference to him you would be backing him up?

"A   I didn't know I would be backing him up

necessarily. I thought he had to have somebody else's name so he could borrow money, and he said that I wasn't obligated to anything."

There was also evidence that BalDucci followed the same practice with persons other than the Pauluses.

Considering the record as a whole, there was substantial evidence for the trial court to find that the Pauluses did not intend to defraud plaintiff, and that plaintiff did not establish a cause of action for fraud by the necessary clear and convincing evidence.

Affirmed.